IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

Case No. _____

| | |
|---|---|
| LAFORCE, LLC f/k/a LA FORCE, INC.<br><br>Plaintiff,<br><br>v.<br><br>RESTROOM STALLS & ALL, LLC t/a RESTROOM STALLS & ALL DIVISION OF SOUTHCO SUPPLY COMPANY<br><br>Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, LaForce, LLC f/k/a LaForce, Inc., ("LaForce") by and through its undersigned counsel, for its complaint against the above-named defendant alleges and states as follows:

## NATURE OF THE ACTION

1. This is an action for breach of contract arising out of defendant Restroom Stalls & All, LLC t/a Restroom Stalls and All Division of SouthCo Supply Company's material breach of the Subcontract Agreement with plaintiff LaForce.

## THE PARTIES

2. LaForce is a limited liability company with its principal place of business at 1060 West Mason Street, Green Bay, Wisconsin 54303.

3. LaForce's sole member is LaForce Parent, LLC, a Delaware limited Liability Company, with its principal place of business at 1060 West Mason Street, Green Bay, Wisconsin, 54303.

4. LaForce has traced its membership to individuals, trustees, beneficiaries of trusts, and corporations.

5. LaForce's members all reside in Illinois, Texas, and Wisconsin.

6. Defendant Restroom Stalls & All, LLC t/a Restroom Stalls and All Division of SouthCo Supply Company ("SouthCo") is a limited liability company with its principal place of business at 2258 Hardwood Circle, Gainesville, Georgia, 30507.

7. SouthCo's members are not set forth in publicly available information, such as filings with the Georgia Secretary of State.

8. Upon information and belief, SouthCo's members reside in the State of Georgia, and, therefore do not reside in any state in which LaForce's members reside.

## JURISDICTION AND VENUE

9. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) as there is complete diversity of citizenship between LaForce and SouthCo.

10. Moreover, the amount in controversy in this action, exclusive of interest and costs, exceeds $75,000.00.

11. This Court has personal jurisdiction over SouthCo pursuant to FRCP 4(k)(1)(a) and N.C.G.S. § 1-75.4(5).

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## FACTUAL BACKGROUND

### I. The Project

13. In 2019, LaForce contracted with Whiting-Turner Contracting Company ("Whiting-Turner"), the general contractor, to provide labor, material, tools, and other services

necessary to complete construction work on the Harrah's Cherokee Casino Resort (the "Project"), located in Cherokee, Jackson County, North Carolina.

14. LaForce's contract with Whiting-Turner included furnishing and installing shower doors in guestrooms at the Project.

## II. The Subcontract Agreement

15. On or about January 29, 2020, LaForce and SouthCo entered into a Subcontract Agreement ("the Agreement") wherein it subcontracted a portion of the work on the Project to LaForce. A true and accurate copy of the Agreement is attached hereto as **Exhibit A.**

16. Pursuant to the Agreement, SouthCo agreed, among other things, to install bathroom fixtures, including shower doors, at the Project.

17. Paragraph 1 of the Agreement describes the scope of SouthCo's work:

> 1. In consideration of the mutual covenants and agreements contained herein, [SouthCo] desires and agrees to furnish and maintain all labor, supervision, materials, supplies, services, drawings, machinery, tools, equipment, hoisting, cartage, insurance, staging, temporary water, power, heat, and all other things necessary to perform and complete in accordance with plans, specifications, general conditions and addenda thereto, that portion of the work generally referred to as: <u>Doors and Hardware Installation</u>. It being understood, that [SouthCo] has made a reasonable sight inspection of the project site and plans and specifications and addenda thereto, it being the prime purpose of this agreement to provide for the performance and completion of [SouthCo's] particular branch of subcontract work.

18. In Paragraph 10, the Agreement limited the assignment or subletting of work:

> 10. [SouthCo] shall not assign this contract, nor sublet any portion thereof, without first obtaining the written consent from [LaForce].

19. The Agreement assigned responsibility to SouthCo for any faulty workmanship or defects in its work.

3

Case 1:24-cv-00197   Document 1   Filed 07/24/24   Page 3 of 8

20. SouthCo expressly and/or impliedly warranted that its work would be performed in a workmanlike manner so as to meet the standard of workmanlike quality then prevailing at the time and place of construction and that its work and materials would be free from defects.

21. SouthCo agreed to the terms and conditions of the Agreement when it undertook work to fulfill the Agreement, and it accepted payment from LaForce for its work.

22. The Agreement, moreover, obligated SouthCo to not commence work unless all related adjacent, or dependent work, services, utilities, and/or materials were acceptable to SouthCo.

### III. The Shower Doors Begin to Fail

23. In late 2021, shortly after completion of the Project and occupancy of the resort, the shower doors installed by SouthCo began to fail, including several doors that shattered catastrophically.

24. Some resort patrons suffered injuries from the shattered glass.

25. The Project owner understandably demanded prompt action to mitigate the risk of injury and inconvenience to resort patrons.

26. The Project owner also sought to mitigate any damage to other property.

27. LaForce notified SouthCo that it had improperly installed the shower doors.

28. SouthCo disclaimed all responsibility for their faulty work.

29. At least one expert, Intertek, recommended removal of all shower doors.

30. LaForce removed the 702 glass shower doors and temporarily installed curtains while replacement shower doors were tested, approved, and installed.

31. The removal of the shower doors was necessary for the safety of resort patrons and necessary to mitigate damage to the Project.

32. An investigation conducted by multiple parties revealed SouthCo improperly installed the shower doors.

33. As the removal process continued, many additional instances of SouthCo's improper installation and defective workmanship were uncovered.

34. The investigation revealed that, among other things, missing materials, improper mounting, and improper usage of materials caused the failures.

35. Example images of such faulty installation are attached hereto as **Exhibit B**.

36. LaForce also discovered that Jason P. Greenwalt Construction ("JPG Construction") installed some or all of the shower doors on behalf of SouthCo.

37. Upon information and belief, SouthCo assigned or subcontracted some or all of the work of the Agreement to JPG Construction.

38. At no time did LaForce consent for any portion of any work of the Agreement to be assigned or subcontracted by SouthCo to JPG Construction.

39. Regardless of SouthCo having assigned or subcontracted its work to JPG Construction, SouthCo was responsible for all work required by the Agreement.

40. The investigation and remediation process took over two years to complete with LaForce bearing the costs of the remediation made necessary because of SouthCo's deficient work.

41. LaForce also incurred substantial carrying costs during the remediation due to Whiting-Turner's withholding of LaForce's retainage as result of SouthCo's deficient work.

42. LaForce communicated with and demanded reimbursement from SouthCo on a continuous basis during the remediation process.

43. To date, and despite repeated requests, Southco has not reimbursed LaForce for the amounts it incurred as a result of SouthCo's deficient work on the Project.

44. As of March 1, 2024, LaForce has incurred $883,974.36 in remediation costs to repair SouthCo's deficient work.

## COUNT I: BREACH OF CONTRACT

45. LaForce incorporates by reference paragraphs 1 through 44 as though fully set forth herein.

46. The Agreement with SouthCo is a valid and binding contract.

47. SouthCo breached the Agreement by, among other things, failing to fulfill its obligation to properly install shower doors on the Project.

48. SouthCo breached the Agreement by hiring a subcontractor to install the shower doors without authorization from LaForce.

49. The improper installation of shower doors caused damages to LaForce, including but not limited to, expenses incurred by LaForce to remediate SouthCo's deficient work.

50. Pursuant to Paragraph 11 of the Agreement, SouthCo agreed that if it failed to perform its work in accordance with the Agreement, such failure would constitute a breach of the Agreement, entitling LaForce to complete the work and recover all costs and damages, including attorney's fees and court costs, from SouthCo on account of SouthCo's breach.

51. As a direct result of SouthCo's material breaches as alleged herein, LaForce has suffered damages of at least $883,974.36 (exclusive of interest, attorney's fees, or court costs), which it is entitled to recover from SouthCo.

## COUNT II: BREACH OF IMPLIED WARRANTY OF WORKMANLIKE CONSSTRUCITON

52. LaForce incorporates by reference paragraphs 1 through 51 as though fully set forth herein.

53. In addition to its express contractual obligations, SouthCo also impliedly warranted to LaForce (as a matter of North Carolina law) that it would perform all work on the Project in a proper and workmanlike manner such that it would be free from substantial defects.

54. SouthCo's construction deficiencies, errors, and omissions as hereinabove alleged constitute a breach of the implied warranty of workmanlike construction.

55. As a direct result of SouthCo's breach of the implied warranty of workmanlike construction as herein alleged, LaForce has suffered damages that it is entitled to recovery from SouthCo of at least $883,974.36 (exclusive of interest, attorney's fees, or court costs)

## REQUEST FOR RELIEF

WHEREFORE, LaForce requests the following relief from the Court:

A. That LaForce have and recover a judgment against SouthCo in the principal amount of at least $883,974.36, plus interest thereon at the legal rate until paid;

B. That LaForce recover from SouthCo its attorneys' fees and costs as allowed by law; and

C. That LaForce be awarded such other relief as this Court deems just and equitable.

/s/ Andrew L. Chapin
Andrew L. Chapin
North Carolina Bar No. 25794
achapin@cgspllc.com
CONNER GWYN SCHENCK PLLC
P.O. Box 20744
Greensboro, North Carolina 27420
Telephone: (336) 691-9222
Facsimile: (336) 691-9259

AND

(To Be Admitted *Pro Hac Vice*)

Daniel J. Blinka
Wisconsin Bar No. 1074288
dblinka@gklaw.com
Wilfredo Najarro
Wisconsin Bar No. 1122518
wnajarro@gklaw.com
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI 53701-2719
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

***Counsel for Plaintiff LaForce, LLC***