**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL CASE NO. 1:24-cv-00197-MR-WCM**

| | | |
|---|---|---|
| **LAFORCE, LLC f/k/a LAFORCE, INC.,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | |
| **RESTROOM STALLS & ALL, LLC; and SOUTHCO & ASSOC., INC.,** | ) | **MEMORANDUM OF DECISION AND ORDER** |
| **Defendants,** | ) | |
| **SOUTHCO & ASSOC., INC.,** | ) | |
| **Third-Party Plaintiff,** | ) | |
| **vs.** | ) | |
| **FLEURCO-US, INC.; FLEURCO PRODUCTS, INC.; and JASON P. GREENWALT CONSTRUCTION CORP.,** | ) | |
| **Third-Party Defendants.** | ) | |

**THIS MATTER** is before the Court on the Defendant SouthCo & Assoc., Inc.'s ("SouthCo") Motion for Summary Judgment as to Plaintiff's

Claims [Docs. 70, 74[1]]; the Third-Party Defendant Jason P. Greenwalt Construction Corp.'s ("Greenwalt") Motion for Summary Judgment [Doc. 72]; and the Third-Party Defendants Fleurco Products, Inc. and Fleurco-US, Inc.'s (together, the "Fleurco Parties") Motion for Summary Judgment [Doc. 68].

## I. PROCEDURAL BACKGROUND

On July 24, 2024, the Plaintiff LaForce, LLC f/k/a LaForce, Inc. ("LaForce") initiated this action against SouthCo and the Defendant Restroom Stalls & All, LLC ("Restroom Stalls"), asserting claims for breach of contract and breach of implied warranty of workmanlike construction. [Doc. 1]. On October 15, 2024, LaForce filed an Amended Complaint, asserting the same. [Doc. 17].

On November 7, 2024, SouthCo filed a Third-Party Complaint against Greenwalt and the Fleurco Parties, asserting claims for breach of contract, breach of warranties, and negligence/contribution against Greenwalt and negligence/contribution claims against the Fleurco Parties. [Doc. 26]. On February 12, 2025, SouthCo filed a First Amended Third-Party Complaint,

[1] SouthCo refiled its Motion for Summary Judgment to comply with the Court's Pretrial Order and Case Management Plan.

asserting an additional claim for negligent misrepresentation against the Fleurco Parties. [Doc. 40].

On March 21, 2025, LaForce voluntarily dismissed Restroom Stalls from this action. [Doc. 52]. On September 29, 2025, adopting the Magistrate Judge's Memorandum and Recommendation on the Fleurco Parties' Motion to Dismiss, the Court dismissed SouthCo's claim for contribution against the Fleurco Parties. [Docs. 53, 56].

On November 11, 2026, SouthCo filed a Motion for Summary Judgment as to Plaintiff's Claims [Docs. 70, 74], Greenwalt filed a Motion for Summary Judgment [Doc. 72], and the Fleurco Parties filed a Motion for Summary Judgment [Doc. 68]. All three motions have been fully briefed. [Docs. 69, 75, 76, 78, 79, 80, 81, 82]. This matter is therefore ripe for disposition.

## II. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "As the Supreme Court has observed, 'this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no

*genuine* issue of *material* fact.'" Bouchat v. Balt. Ravens Football Club, Inc., 346 F.3d 514, 519 (4th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

"Facts are material when they might affect the outcome of the case, and a genuine issue exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." Ballengee v. CBS Broad., Inc., 968 F.3d 344, 349 (4th Cir. 2020) (citation omitted). When ruling on a motion for summary judgment, the Court does not "weigh the evidence or make credibility determinations." Guessous v. Fairview Prop. Invs., LLC, 828 F.3d 208, 216 (4th Cir. 2016) (citation omitted). "Regardless of whether he may ultimately be responsible for proof and persuasion, the party seeking summary judgment bears an initial burden of demonstrating the absence of a genuine issue of material fact." Bouchat, 346 F.3d at 522. If this showing is made, the burden then shifts to the nonmoving party who must convince the Court that a triable issue does exist. Id.

When, as here, multiple parties each move for summary judgment, the Court "must review each motion separately on its own merits to determine whether [any] of the parties deserves judgment as a matter of law." Rossignol v. Voorhaar, 316 F.3d 516, 523 (4th Cir. 2003) (internal quotation marks and citation omitted). In considering each of the motions for summary

judgment, the Court must view the pleadings and materials presented in the "light most favorable" to the nonmovant and must "draw all reasonable inferences" in the nonmovant's favor. Adams v. UNC Wilmington, 640 F.3d 550, 556 (4th Cir. 2011). However, courts "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkt. Inc. v. J.D. Assocs., LLP, 213 F.3d 175, 180 (4th Cir. 2000).

## III. FACTUAL BACKGROUND

Based on the parties' forecast of evidence, the following facts are undisputed.

In 2019, Harrah's Cherokee Casino Resort ("Harrah's") hired Whiting-Turner Contracting Company ("Whiting-Turner") as the general contractor to complete construction work at the resort (the "Project"), and Whiting-Turner subsequently subcontracted with LaForce to furnish and install bathroom accessories in the Project's approximately 700 guestrooms. [See Doc. 75-1: Whiting-Turner-LaForce Contract]. In January 2020, LaForce subcontracted the shower door installations to SouthCo. [See Doc. 75-2: LaForce-SouthCo Contract]. SouthCo then subcontracted the shower door installations to Greenwalt. [Doc. 75-3: Williams Dep. at 30:6-16].

LaForce then contracted with the Fleurco Parties to supply model K2 glass shower doors for the Project. [See Doc. 69-1 at 19-20: Request for

Substitution]. The Fleurco Parties provided installation instruction manuals with the shower doors; even though their contract was with LaForce, one of Fleurco's representatives provided an in-person installation demonstration to a SouthCo representative, who recorded and shared the demonstration with Greenwalt. [See Doc. 80-8; Schatz Dep. at 17:15-20; Doc. 75-3: Williams Dep. at 31:22-32:23, 33:14-24; Doc. 75-4: Greenwalt Dep. at 21:15-22:24]. In summary, the forecast of evidence is that LaForce was a first-tier subcontractor to provide installed shower doors. SouthCo was a second-tier subcontractor to provide installation labor, and Greenwalt was a third-tier subcontractor for that installation. Fleurco, on the other hand, was a second-tier material supplier for the doors under LaForce, not SouthCo. As such, SouthCo and Fleurco are co-subcontractors under LaForce, and not in privity with each other.

In October and November 2021, after substantial completion of the Project and Harrah's opening, two shower doors shattered. [See Doc. 80-21 at 2: SouthCo Email; Doc. 80-22 at 4: LaForce Email; Doc. 75-8 at 3; Harrah's Email]. LaForce created a remediation plan that contemplated SouthCo and Greenwalt inspecting each shower door to confirm compliance with the installation requirements and to fix any discovered issues. [See Doc. 75-8 at 1: LaForce Email; Doc. 75-9: Mehlberg Dep. at 45:7-13; Doc. 75-4:

Greenwalt Dep. at 83:12-22]. Shortly thereafter, however, LaForce terminated SouthCo and Greenwalt from continuing any remediation efforts. [See Doc. 75-10 at 8: LaForce Email]. Following continued attempts by others to remediate the issues, Harrah's demanded complete replacement with Fleurco's model Nova Plus shower doors. [See Doc. 80-31 at 1: LaForce Email; Doc. 75-5: Schatz Dep. at 216:6-12].

LaForce bore the costs of remediating and replacing the shower doors. [See Doc. 80-42: LaForce Letter at 2-3]. In July 2024, LaForce initiated this action to recover those costs from SouthCo, alleging breach of the contract's requirement that SouthCo obtain its consent to subcontract the installation and deficient installation. [Docs. 1, 17]. In turn, SouthCo filed a third-party complaint against Greenwalt for liability over, in the event the installation is found to be deficient. SouthCo also brought a third-party claim against Fleurco for supplying defective doors, and for negligence in providing negligent installation instructions. [Docs. 26, 40].

## IV. DISCUSSION

### A. SouthCo's Motion for Summary Judgment on Breach of Contract and Breach of Implied Warranty of Workmanlike Construction Claims

SouthCo contends that it is entitled to summary judgment on LaForce's breach of contract and breach of implied warranty of workmanlike

construction claims on the grounds that (1) LaForce breached the contract by improperly terminating SouthCo's remediation efforts without providing the contractually required notice and opportunity to cure; (2) LaForce waived the contract's requirement that SouthCo obtain its consent to subcontract the installation because LaForce knowingly permitted Greenwalt to install the shower doors; and (3) the contract's express warranties supersede any implied warranties. [Doc. 75 at 7, 11, 13]. After reviewing the record, the Court concludes that there are genuine disputes of material fact that preclude summary judgment on those grounds.

SouthCo further contends that it is entitled to summary judgment on the ground that LaForce fails to present expert testimony "establishing that SouthCo departed from the standard of care in regard to the installation of the shower doors." [Id. at 14-15]. "The core of a workmanship claim is a claim that a professional failed to utilize 'the customary standard of skill and care' in completing a project, based upon the particular industry, location, and timeframe in which the project occurred." Dan King Plumbing Heating & Air Conditioning, LLC v. Harrison, 281 N.C. App. 312, 334, 869 S.E.2d 34, 51-52 (2022) (citing Kenney v. Medlin Const. & Realty Co., 68 N.C. App. 339, 343, 315 S.E.2d 311, 314 (1984)). Accordingly, "in most cases, the average juror would not have the requisite knowledge and experience to evaluate the

prevailing professional standards in a particular industry and area," and so expert testimony is required. Id. at 334, 869 S.E.2d at 52. However, courts recognize a "common knowledge" exception wherein a jury can determine certain claims "without the aid of an expert." Id. "These are matters where the workmanship is so grossly subpar that it is obvious to any layperson that the work does not live up to a professional standard of care—such as a surgeon '[leaving] a sponge in a patient's body during surgery.'" Id. (quoting Little v. Matthewson, 114 N.C. App. 562, 568, 442 S.E.2d 567, 571 (1994), aff'd, 340 N.C. 102, 455 S.E.2d 160 (1995)). Here, the Court concludes that LaForce has presented a forecast of evidence from which a jury could find that the Defendant's performance was so deficient as to at least some aspects of the work so as to be obvious to any layperson. Thus, no expert testimony is required as to those portions.

Accordingly, SouthCo's Motion for Summary Judgment is denied.

## B. Greenwalt's Motion for Summary Judgment

### 1. Breach of Contract and Breach of Warranties Claims

Greenwalt contends that it is entitled to summary judgment on SouthCo's breach of contract and breach of warranties claims on the grounds that (1) the evidence establishes that Greenwalt followed SouthCo's installation instructions; and (2) SouthCo cannot establish that Greenwalt's

acts or omissions caused the shower door failures and resulting damages. [Doc. 76 at 7-10, 12]. Of course, SouthCo's liability over claim against Greenwalt is derivative of and dependent upon LaForce's breach claim against SouthCo, on which summary judgment is denied. After reviewing the record, the Court concludes that there are genuine disputes of material fact that preclude summary judgment on those grounds.

Greenwalt further contends that it is entitled to summary judgment on the ground that SouthCo fails to present expert testimony "establishing that Greenwalt failed to perform its work in accordance with the applicable standard of workmanship." [Id. at 5-7, 11-12]. Because SouthCo's claims are derivative of LaForce's, the Court concludes that at least some aspects of the claims are so obvious to any layperson that expert testimony is not required.

Accordingly, Greenwalt's Motion for Summary Judgment as SouthCo's to breach of contract and breach of warranties claims is denied.

**2. Negligence/Contribution Claim**

Greenwalt contends that it is entitled to summary judgment on SouthCo's negligence/contribution claim on the grounds that (1) SouthCo is not entitled to contribution for a contract claim against it; and (2) the economic loss rule bars a negligence claim based on a breach of contract.

[Doc. 76 at 13-14]. SouthCo states in its response that it "does not contest that SouthCo's negligence and contribution claims fail based on the law." [Doc. 78 at 2]. The Court agrees. See Smith v. Waverly Partners, LLC, No. 3:10-CV-28, 2011 WL 1655592, at *8 (W.D.N.C. Apr. 29, 2011) ("[I]t is well-settled that a right to contribution can only arise from a claim sounding in tort." (citing Land v. Tall House Bldg. Co., 165 N.C. App. 880, 882-83 (2004))); Crescent Univ. City Venture, LLC v. Trussway Mfg., Inc., 376 N.C. 54, 58 (2020) ("[T]he economic loss rule bars recovery in tort by a plaintiff against a promisor for his simple failure to perform his contract, even though such failure was due to negligence or lack of skill." (citation and internal quotation marks omitted)). Accordingly, Greenwalt is entitled to summary judgment on SouthCo's negligence/contribution claim.

### C. The Fleurco Parties' Motion for Summary Judgment on Negligence and Negligent Misrepresentation Claims

The Fleurco Parties contend that they are entitled to summary judgment on SouthCo's negligence and negligent misrepresentation claims on the grounds that they (1) "are restyled claims for contribution and are deficient as a matter of law," and (2) are barred by the economic loss rule. [Doc. 69 at 6, 9]. The arguments presented here again by the Fleurco Parties were rejected by the Court when ruling on their Motion to Dismiss. As alleged, SouthCo has presented a forecast of evidence that the Fleurco

Parties' contract was with LaForce, but provided advice and instructions to SouthCo's subcontractor as to how to install Fleurco's product. These claims sound in negligence, not contract. As such, there are genuine disputes of material fact that preclude summary judgment on these claims. Accordingly, the Fleurco Parties' Motion for Summary Judgment is denied.

## V. CONCLUSION

In sum, the Court concludes that there are genuine disputes of material fact that preclude summary judgment on LaForce's claims against SouthCo, SouthCo's breach of contract and breach of warranties claims against Greenwalt, and SouthCo's claims against the Fleurco Parties. The Court also concludes that at least some aspects of LaForce's claims against SouthCo, and in turn SouthCo's claims against Greenwalt, are based on a forecast of evidence that the installation failures are so obvious to any layperson that expert evidence is not required, precluding summary judgment on that ground.

The Court further concludes that SouthCo's negligence/contribution claim against Greenwalt fails as a matter of law because SouthCo cannot seek contribution for a contractual claim against it and the economic loss rule bars a negligence claim based on breach of contract. Accordingly, the Court

grants summary judgment in favor of Greenwalt on SouthCo's negligence/contribution claim, which is dismissed with prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that SouthCo's Motion for Summary Judgment as to Plaintiff's Claims [Docs. 70, 74] is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Greenwalt's Motion for Summary Judgment [Doc. 72] is hereby **GRANTED IN PART and DENIED IN PART**. The Motion is granted as to SouthCo's negligence/contribution claim, and that claim is **DISMISSED WITH PREJUDICE**. In all other respects, the Motion is denied. This matter will proceed to trial on SouthCo's claims for breach of contract and breach of warranties.

**IT IS FURTHER ORDERED** that the Fleurco Parties' Motion for Summary Judgment [Doc. 68] is hereby **DENIED**.

**IT IS SO ORDERED.**

Signed: November 19, 2026

Martin Reidinger
Chief United States District Judge